AF Approval _LLB_                                                                 Chief Approval ___

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                        CASE NO.   8:16-cr-341-T-17MAP

LISA MARIE BRYSON

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, LISA MARIE BRYSON, and the attorney for the defendant, Mark J. O'Brien, Esq., mutually agree as follows:

A.   **Particularized Terms**

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Information. Counts One and Two each charge the defendant with Theft of Government Funds, in violation of 18 U.S.C. §§ 641 and 2.

2.   Maximum Penalties

Counts One and Two each carry a maximum sentence of 10 years imprisonment, a fine of $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, a term of supervised release of not more than 3 years, and a special assessment of $100, for a total of $200. With respect to certain offenses, the Court shall order the

Defendant's Initials _LB_

defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

4. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5. Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One and Two are:

First:       The money described in the Indictment belonged to the United States;

Second:   The defendant embezzled, stole and converted such money to her own use or to someone else's use;

Defendant's Initials     2

>   Third:   The defendant knowingly and willfully intended to deprive the owner of the use or benefit of the money; and
>
>   Fourth:   The money had a value greater than $1,000.

6. **Mandatory Restitution to Victim of Offense of Conviction**

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to U.S. Social Security Administration in the amount of $77,056.49 and U.S. Department of Agriculture in the amount of $29,993.00.

7. **Guidelines Sentence**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8. **Acceptance of Responsibility - Two Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of

Defendant's Initials _[signed]_                    3

responsibility, pursuant to U.S.S.G. § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9. Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

10. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following: $107,049.49, representing the amount of proceeds obtained as a result of the offenses) charged in Count One and Two. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds,

Defendant's Initials _LB_                4

including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the amount of the proceeds of the offense(s) to which defendant is pleading guilty is $107,049.49 and enter an order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials _____                    5

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

Defendant's Initials *[initialed]*  6

B.  **Standard Terms and Conditions**

   1.  **Restitution, Special Assessment and Fine**

   The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

   On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing

   The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _____        7

2. <u>Supervised Release</u>

The defendant understands that the offenses to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Defendant's Initials ___

5.     Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _____

9

6. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United

Defendant's Initials _____   10

States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and

Defendant's Initials _____    11

defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.

Defendant's Initials _[initials]_

The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

### FACTS

The United States Social Security Administration (SSA) is an agency of the executive branch of the government of the United States responsible for administering, among other things, the Supplement Security Income program (SSI). Under that program, monthly cash benefit payments are made to eligible individuals. SSI is a needs-based program, and an applicant's income and financial assets are important factors in determining the applicant's eligibility. The income of an applicant's co-habitating spouse is imputed to the applicant in making the eligibility determination as to whether the applicant should receive benefits and if so, in what amount. The defendant began receiving SSI benefits in 1997.

The United States Department of Agriculture is a department of the executive branch of the government of the United States that administers,

Defendant's Initials    13

through local agencies, the "Supplemental Nutrition Assistance Program" (SNAP). SNAP is a needs-based program that provides monthly food stamp payments to eligible individuals. An individual's eligibility is based on income and other financial factors. In making an eligibility determination, the income of a co-habitating spouse is imputed to the applicant.

In May 2001, the defendant married Royal Bryson, and in June, 2001, the SSA updated the SSA database to reflect the couple's marriage and the fact that the couple lived together. Based upon their marriage and joint habitation, SSA was required to continuously assess the "household income and resources" of the couple. SSA determined that in August 2001, Royal Bryson's income exceeded the permissible threshold and was imputed to the defendant. Thus, in October, 2001, the defendant's benefits were reduced from approximately $531.00 to $386.00 per month. Shortly after receiving the reduced SSI benefit check, the defendant falsely reported to the SSA that her husband had moved out and was no longer residing with her. Thus, SSA records falsely indicated that Royal Bryson did not reside with the defendant beginning in November, 2001, when in fact, they did live together in Polk County, and continue to do so. Because the SSA falsely believed the couple did not live together, Royal Bryson's income was not imputed to the defendant as it should have been, and thus, the defendant was fraudulently overpaid approximately $77,056.49 between January 2002 through June 2015.

Defendant's Initials     14

Additionally, in October 2006, the defendant applied for SNAP benefits. On her application, the defendant falsely stated that she and her husband were separated and that no one in her household was employed. On several occasions, the defendant provided false information about where her husband lived and her household composition to continue to receive SNAP benefits. Between November 2006 and July 2015, the defendant received approximately $29,993.00 in SNAP benefits that she was not entitled to receive based upon the income of her husband.

On March 12, 2015, the Brysons were interviewed at the SSA office and were asked if they lived together, and they both falsely reported that they did not live together and had not since 2001. On July 10, 2015, both the defendant and Royal Bryson were interviewed by SSA-OIG agents, and both admitted that they had previously lied to SSA regarding their living arrangements so as to continue to receive SSI payments. The defendant's false statements enabled her to receive approximately $77,056.49 in SSI benefits and $29,993.00 in SNAP benefits to which she was not entitled. All of the said funds were the property of the United States of America.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials

15

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 26th day of July 2016.

_____  
Lisa Marie Bryson  
Defendant

_____  
Mark J. O'Brien, Esq.  
Attorney for Defendant

A. LEE BENTLEY, III  
United States Attorney

_____  
Amanda C. Kaiser  
Assistant United States Attorney

_____  
Simon A. Gaugush  
Assistant United States Attorney  
Chief, Major Crimes Division